IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE M. TONEY, | Civil Action |
| Plaintiff, | No. 21-822 |
| v. | |
| NEW ALLIANCE FEDERAL CREDIT UNION, | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Nicole M. Toney, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction and Administrative Exhaustion

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff has exhausted the administrative remedies set forth under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and the Pennsylvania Human Relations Act, as follows:

   a. On May 11, 2020, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   b. On May 19, 2021, the EEOC issued a Notice of Right to Sue;

   c. Plaintiff filed this action within 90 days of receipt of that Notice;

   d. More than one year has passed since Plaintiff cross-filed with the PHRC.

## II. Parties

3. Plaintiff, Nicole M. Toney, is an adult individual who resides in Beaver County, Pennsylvania.

4. Defendant, New Alliance Federal Credit Union, is a federal credit union with a principal place of business located at 835 New Merchant Street, Ambridge, Pennsylvania 15003.

5. In 2020, Defendant employed more than 15 employees for each working day for at least 20 weeks of the calendar year.

## III. Factual Background

6. Ms. Toney worked for Defendant from May 2016 to February 27, 2020. Her most recent position was Branch Manager at Defendant's Monaca, Pennsylvania location.

7. In late December 2019 or early January 2020, Ms. Toney informed her manager, Janet Bosh, that she was pregnant.

8. In early January 2020, Ms. Bosh told Ms. Toney that Defendant would need to start rotating her to different branches, rather than working in just in the Monaca branch, because she was pregnant.

9. Ms. Toney told Ms. Bosh that was not comfortable with that arrangement.

10. In response, Ms. Bosh said the decision to rotate Ms. Toney was not her decision.

11. On or about January 8, 2020, Ms. Toney posted a comment in response to a friend's private Facebook post stating, "I was told by my manager that because I'm pregnant, they are going to move me from the position I am in and rotate me between all the branches we have..."

12. In a later post comment on the same day, Ms. Toney stated, "it's against civil rights under PDA to reassign fire or discriminate in any way."

13. After Ms. Toney wrote the above posts, Respondent's Chief Executive Officer, Florinda Zbrzezny, and its Chief Financial Officer, Patricia Schimonsky, called Ms. Toney and yelled at her about the Facebook post, and demanded that she delete it.

14. During that call, Ms. Zbrzezny and Ms. Schimonsky referenced Ms. Toney's allegations of pregnancy discrimination, and angrily denied discriminating against her.

15. Defendant referred to the above discussion with Ms. Toney as a verbal reprimand.

16. On February 26, 2020, Ms. Toney posted a nine-second video on her Instagram story that showed her touching her hair and smiling, with the text, "The ends didn't turn out so good, but here's the result of twisting my hair last night."

17. An Instagram "story" is a photo or video on the Instagram smart phone app that must be clicked on to be viewed, and that disappears within 24 hours.

18. Ms. Toney recorded the above video on Defendant's premises while on an approved break from work.

19. The above video did not reflect negatively on Defendant in any way.

20. The next day, Ms. Zbrzezny and Ms. Schimonsky fired Ms. Toney, allegedly for posting the above Instagram story.

21. In Ms. Toney's termination letter, Ms. Zbrzezny stated, in part:

> On January 8, 2020, it was brought to my attention that you posted a conversation between yourself and another credit union employee that was work related on Facebook. Again, you are in violation of credit union policy and were verbally reprimanded when I told you with our CFO present on our telephone conversation to retract the negative statement immediately.

22. The Facebook post about "conversation between yourself and another credit union employee that was work related" referenced above relates to Ms. Toney's Facebook post alleging pregnancy discrimination, as set forth in Paragraphs 11 and 12 above.

## COUNT I
## TITLE VII: RETALIATION

23. Plaintiff incorporates the allegations of Paragraphs 1 through 22 as if fully restated.

24. But for Ms. Toney's Facebook posts alleging pregnancy discrimination, Defendant would not have fired her.

25. Defendant fired Ms. Toney because she opposed pregnancy/sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

26. Defendant's retaliation against Ms. Toney was undertaken with malice and/or reckless indifference to her federally-protected rights.

27. As a direct and proximate result of Defendant's retaliation, Ms. Toney has suffered damages, including lost wages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II
## TITLE VII: DISCRIMINATION

28. Plaintiff incorporates the allegations of Paragraphs 1 through 27 as if fully restated.

29. Ms. Toney's pregnancy was a motivating factor in Defendant's decision to fire her.

30. Defendant fired Ms. Toney because of her sex, including pregnancy, childbirth, and related medical conditions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

31. Defendant's discrimination against Ms. Toney was undertaken with malice and/or reckless indifference to her federally-protected rights.

32. As a direct and proximate result of Defendant's discrimination, Ms. Toney has suffered damages, including lost wages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III
## PHRA: DISCRIMINATION AND RETALIATION

33. Plaintiff incorporates the allegations of Paragraphs 1 through 32 as if fully restated.

34. Defendant fired Plaintiff in retaliation for her opposition to pregnancy discrimination, in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955(d).

35. Defendant fired Plaintiff because of her sex, including pregnancy, in violation of the PHRA, 43 Pa. Cons. Stat. § 955(a).

36. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained injuries and damages, including but not limited to lost wages, emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

a. Defendant shall reinstate Plaintiff into the position she held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b. Defendant shall provide Plaintiff with front pay in the event reinstatement is not feasible;

c. Defendant shall compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

d. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e. Plaintiff shall be awarded compensatory damages against Defendant to compensate her for emotional distress, humiliation, inconvenience, and like injuries;

f. Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct under Counts I and II;

5

g.  Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates Title VII and the PHRA;

h.  Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.  Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

    Respectfully submitted,

    **ELZER LAW FIRM, LLC**

    /s/ Christine T. Elzer
    Christine T. Elzer
    Pa. I.D. No. 208157

    100 First Avenue, Suite 1010
    Pittsburgh, PA 15222
    (412) 230-836

    Attorney for Plaintiff